Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiffs had recovered a judgment against Davis and Ross, on which execution issued, and Stovall joined them in a forthcoming bond, which was forfeited. Another execution issued, returnable to the April term, 1840, of the circuit court, on which the sheriff made a general return, “Satisfied in full,” dated 16th of March, 1840. At the April term, 1845, the plaintiffs made a motion to set aside this return, and for a new execution, on the ground that the sheriff had taken in payment depreciated bank notes.
It is now well settled, that the sheriff is hot authorized to take depreciated bank notes in payment of an execution, and that if he do so, the plaintiff will be entitled to a new execution. 5 How. 621; 7 Ib. 554; 2 S. & M. 514; 7 Ib. 467.
But the plaintiff may consent to the taking of such notes, either expressly or impliedly. And as this was no payment without such assent, it is of course incumbent on the party who sets it up, to show that the plaintiff has given directions to the sheriff to take payment in uncurrent notes, or that he afterwards ratified the act by his acquiescence.
There is no pretence in this case, that the sheriff had positive authority to take these notes, but the subsequent acts of the plaintiffs are relied on as proof of their acquiescence. Indeed, the sheriff had positive instructions from the plaintiff’s attorney not to take Union Bank notes in payment; besides, one of the defendants had offered notes of that description to one of the plaintiffs in payment of the execution, who refused to receive them, because they were depreciated. It would seem to require *301 some act of acquiescence unequivocal in its character, to overcome these facts.
The circumstances on which the defendants rely are, first, a judgment recovered against the sheriff and his sureties, on a motion made on the return for a failure to pay over money collected, after notice that Union Bank notes had been received; and second, the lapse of time between the return and this motion.
At the October term, 1840, the plaintiffs, by an attorney of the court, moved for a judgment against the sheriff and his sureties in his official bond, for a judgment under the statute, for-a failure to pay over money collected under execution, on which judgment was rendered for the debt and damages. On this, execution issued, which was returned nulla bona. This judgment was recovered under the following circumstances : An attorney of the court being engaged in making motions in his own cases, and seeing this return, entered the motion without authority, but as an act of friendship to the attorney who had brought the suit; and this was done without any knowledge on his part, that depreciated notes had been received by the sheriff, as the return did not so state. The only notice that the plaintiffs ever had that such notes had been taken, was derived from one of the defendants in execution, who so stated to the plaintiffs’ attorney, at the return term of the execution, but before it was actually returned. The attorney then told the defendants that he would not recognize such payment, but would pursue the matter further. It is now insisted, that the plaintiffs cannot deny the authority of the attorney who made the motion ; and as the motion was made after notice of the character of the payment, it was an election by the plaintiffs to treat the payment in Union Bank notes, as a payment in money: and having elected to pursue their remedy against the sheriff, they are estopped, and cannot have a remedy against the defendants.
The doctrine of election does not fully reach the case. It applies when a party has several remedies to enforce the same right, but must abide by his election; or when he may have recourse against any one of several defendants, and having *302 elected as to one, is thereby precluded as to the others. The judgment in such cases constitutes a bar. Now if the execution was actually satisfied, as the return purported, the plaintiffs had no remedy against the defendants in execution; their recourse was against the sheriff. If, on the other hand, the return was false, they had a remedy against the sheriff, and also against the defendants, both of which they could have pursued at the same time. But it is a question of consent, and the judgment on the motion is a circumstance which may be used to prove the willingness of the plaintiffs to receive the Union Bank notes; or, in other words, to prove that they had, by their assent, ratified the act of the sheriff, and that their claim was consequently satisfied.
The effect of an appearance by an attorney without authority, was considered and settled by this court in the case of Miller v. Ewing, 8 S. & M. 421, On the authority of that case, the recovery of the judgment on the motion was the act of the plaintiffs. What then is its legal effect'! A judgment is not conclu-clusive of any matter which is only to be inferred from it by argument; but as the medium through which the intention of the parties is to be arrived at, this judgment seems to be sufficient, with the lapse of time, to overbalance the evidence which" tends to show a contrary intention. The plaintiffs had a right to receive or reject the depreciated notes. When their attorney was first informed that such notes had been collected, he disaf-firmed the act. This was before the execution was returned, and this notice to him must be regarded as notice to his clients. They had still a right to change their determination, and to receive the Union Bank notes; and this judgment recovered, after they had been informed of the character of the payment, can be regarded in no other light than as evidence that they had changed their mind, and had determined to receive the notes in satisfaction. They sued out execution, and remained passive for nearly five years. The case seems to fall within the principle settled in Prewett v. Standifer, 8 S. & M. 493. In that case we held that acquiescence would be presumed from mere delay, after notice of the character of the satisfaction, and we also said *303 that such presumption would be repelled by a disavowal of the act. See also Anketell v. Torrey, 7 S. & M. 467. In this case there was at first such a disavowal, and if the plaintiffs had rested there, it would probably have saved their right to resort to the defendants; but they did not. At the very next term after that disavowal had been made, they proceeded against the sheriff, and then they take no other steps for five years. Proper vigilance on their part, might have enabled the parties who had paid the notes to the sheriff to recover them back. Their negligence, however, has cut off this remedy, or if it should still exist, the bank notes are worthless. The case is similar to that of Buckhannan, Hagan & Co. v. Tinnin, 2 How. S. C. Rep. 258, where it was held, that lapse of time was sufficient ground for inferring the implied sanction of the plaintiff to the act of an officer who had collected uncurrent notes. It may be true in point of fact, that the plaintiffs never had notice of the manner of satisfaction, or the proceeding against the sheriff. On well settled principles, however, we are bound to hold otherwise, and to regard every act as theirs. We, therefore, merely give the conclusions which necessarily follow an application of these principles to the facts. The result is, that the plaintiffs must be regarded as having sanctioned the act of the sheriff, and cannot now resort to the defendants.
Judgment affirmed.